

Diserio Martin O'Connor & Castiglioni LLP
Attorneys at Law          DMOC.com

**Jonathan P. Whitcomb**
Admitted in CT, MA and NY
Main: (203) 358-0800 ext. 3332
jwhitcomb@dmoc.com

Reply to: Stamford Office

August 21, 2023

*[Handwritten note: Denied. There should be no sealing in this case. A document, once subject to atty-client or work-product privilege, loses its privilege if it is offered as an exhibit in litigation. 8-23-23 /s/ AKH]*

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

Re:   *Colony Insurance Company v. Riverside Center Site 5 Owner, LLC*
      United States District Court, Southern District of New York
      Civil Action No. 1:22-cv-06041 (AKH)

Dear Judge Hellerstein:

We represent the Defendant, Riverside Center Site 5 Owner, LLC ("Riverside"), in the above referenced action.

In accordance with Section IV(B) of Your Honor's Individual Practices in Civil Cases (the "Individual Rules"), Riverside respectfully submits this letter to formally request leave to file certain exhibits to its opposition to Plaintiff's motion for summary judgment under seal based on attorney-client privilege and work product grounds.

**Colony's Motion for Summary Judgment**

This is an insurance coverage dispute. On June 22, 2023, the Plaintiff, Colony Insurance Company ("Colony"), filed a motion for summary judgment and materials in support thereof. ECF Nos. 27-31. In connection therewith, Colony filed certain materials under seal and a letter motion to seal certain redacted information. ECF Nos. 25-26.

Colony stated that the subject matter is connected to an underlying action entitled *Sanchez v. Riverside Center Site 5 Owner LLC*, Index No. 20405/2019E, pending in the New York Supreme Court (the "Underlying Action"). ECF No. 25, at 2. Colony stated that the exhibits it referenced are documents that have been produced in the instant action that contain sensitive information and information that requires caution, thus constituting grounds for approval for a sealed filing under Section IV(B)(i) of the Individual Rules. Id.

**STAMFORD, CT** 1010 Washington Blvd., Suite 800, Stamford, CT 06901 (203) 358-0800
**NEW YORK, NY** Helmsley Building, 230 Park Avenue, 3rd Floor West, New York, NY 10169 (212) 551-3637
**BOSTON, MA** 40 Broad Street, Boston, MA 02109 (617) 906-3359
**GREENWICH, CT** 500 West Putnam Avenue, Suite 400, Greenwich, CT 06830 (203) 542-7237
**WHITE PLAINS, NY** 50 Main Street, 10th Floor, White Plains, NY 10606 (914) 684-0090

Case 1:22-cv-06041-AKH Document 48 Filed 08/24/23 Page 2 of 3
Case 1:22-cv-06041-AKH Document 39 Filed 08/21/23 Page 2 of 3

Page 2

### Riverside's Opposition to Colony's Motion for Summary Judgment

Here, Riverside has contemporaneously filed its opposition to Colony's motion for summary judgment and supporting documentation on behalf of Riverside. As with Colony's motion to seal, Riverside has submitted documents related to the Underlying Action containing sensitive information and information that requires caution, thus constituting grounds for approval for a sealed filing under Section IV(B)(i) of the Individual Rules.

Although there is a presumption favoring public access to judicial records, that right is not absolute. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, this Court enjoys "considerable discretion" to determine that certain court documents may be withheld from the public. *Geller v. Branic Hill Really Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). The well-recognized exceptions to the accessibility of judicial records includes materials subject to attorney-client privilege and work product protections. The purpose of the privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The Second Circuit has instructed courts "to balance this protection of confidentiality with the competing value of public disclosure," but "apply [the privilege] 'only where necessary to achieve its purpose'" and "construe the privilege narrowly because it renders relevant information undiscoverable." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). The Second Circuit has "implied…that protection of the attorney-client privilege is a 'higher value' under the First Amendment that may rebut the presumption of access." *Bernstein*, 814 F.3d at 145.

Riverside's opposition papers and exhibits in question are documents that contain sensitive information and information that require caution as each references details with respect to the Underlying Action.

For example, certain portions of (a) Riverside's Responses to Plaintiff's Statement of Material Facts and (b) Riverside's Memorandum of Law in Opposition to Motion for Summary Judgment describe and address certain events related to Riverside's defense of the Underlying Action and communications with Riverside's defense counsel, claim notes from Colony's file, deposition testimony in this action, and privileged and confidential status reports and emails to Colony from defense counsel in the Underlying Action discussing strategy relative to that action. That information should remain confidential as attorney-client privileged communications and work product.

In addition, Exhibits A and E to the accompanying Declaration of Jonathan P. Whitcomb ("Whitcomb Declaration") contain portions of deposition testimony in this action by Colony and Courtney Osborne (a former representative of Riverside), respectively, that address certain events related to Riverside's defense of the Underlying Action and communications with Riverside's defense counsel. That information should remain confidential as attorney-client privileged communications and work product.

Case 1:22-cv-06041-AKH   Document 48   Filed 08/24/23   Page 3 of 3
Case 1:22-cv-06041-AKH   Document 39   Filed 08/21/23   Page 3 of 3

Page 3

    Exhibit B to the Whitcomb Declaration contains claim notes from Colony's file reflecting communications between Colony and Riverside concerning the Underlying Action and issues related to the defense of Riverside, which should remain confidential. Colony has taken the position that such information was gathered post litigation and should remain confidential at this time. ECF No. 25.

    Exhibits C, G, K, and O to the Whitcomb Declaration are privileged and confidential status reports from Riverside's defense counsel in the Underlying Action to Colony, dated May 10, 2019, June 19, 2019, February 20, 2020, and November 24, 2020, respectively. The reports include defense counsel's discussion of the Underlying Action and various strategy decisions, which should remain privileged and confidential under attorney-client privilege and the work product doctrine.

    Exhibit D to the Whitcomb Declaration contains a series of emails between Riverside's representative and Riverside's defense counsel in the Underlying Action. Such information is protected by the attorney-client privilege.

    Exhibits M and N to the Whitcomb Declaration are email communications between Colony and Riverside's counsel in the Underlying Action. The emails include defense counsel's discussion of the Underlying Action and various strategy decisions, which should remain privileged and confidential under attorney-client privilege and the work product doctrine.

    For the foregoing reasons, it is respectfully requested that this Honorable Court order that the foregoing documents be sealed, for the reasons set forth above. We thank the Court for its attention to this matter.

    Respectfully submitted,

    */s/Jonathan P. Whitcomb*

    Jonathan P. Whitcomb

cc (via ECF only):    Jonathan R. Harwood, Esq. (*Counsel for Plaintiff*)