**TRAUB LIEBERMAN**

Mid-Westchester Executive Park | 7 Skyline Drive | Hawthorne, NY 10532
DIRECT (914) 586-7006 | MAIN (914) 347-2600 | FAX (914) 347-8898

Jonathan R. Harwood | Partner | jharwood@tlsslaw.com

> For the parties' specified reasons below, and as reflected in prior rulings regarding sealing in this case, the request at ECF No. 51 is granted. The documents included at ECF No. 52 shall remain under seal and viewable only by the parties and the Court. The Clerk shall terminate the open motions at ECF Nos. 25, 26, 42, and 51.
>
> SO ORDERED
>
> /s/ Alvin K. Hellerstein
> U.S.D.J.
> March 27, 2024

September 8, 2023

*Via ECF Only*

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

| | | | |
|---|---|---|---|
| Re: | Matter | : | *Colony Insurance Company v. Riverside Center Site 5 Owner LLC* |
| | Civil Action No. | : | 22-cv-06041 |
| | Our File No. | : | 650.0054 |

Dear Judge Hellerstein:

The undersigned represents plaintiff Colony Insurance Company ("Colony") in the captioned action. In accordance with Section IV(B) of Your Honor's Individual Practices in Civil Cases (the "Individual Rules"), Plaintiff respectfully submits this letter to formally request leave to file certain exhibits under seal in the subject matter based on attorney-client privilege and work product grounds, particularly: Colony's response to defendant's statement of material facts; and, certain deposition testimony of defendant's witness in this action. For the reasons explained herein, we request approval to file the documents under seal.

***Colony Motion for Summary Judgment***

We have contemporaneously filed a reply brief in further support of Colony's motion for summary judgment and supporting documentation on behalf of Colony with this formal request. The subject matter is connected to an underlying action entitled *Sanchez v. Riverside Center Site 5 Owner LLC*, which remains pending adjudication before the New York Supreme Court, Bronx County. In light of the foregoing, the reference exhibits are documents that have been produced in the instant action that contain sensitive information and information that requires caution, thus constituting

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
www.traublieberman.com     CALIFORNIA

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
Page 3

grounds for approval for a sealed filing under Section IV(B)(i) of the Individual Rules. The exhibits in question are not "judicial documents subject to the presumption of public access" because it would not disrupt "the performance of the judicial process" or "the public's material understanding of the issues before the court" in *Sanchez v. Riverside Center Site 5 Owner LLC*. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). For these reasons, we respectfully request that the exhibits in question be approved for file under seal.

Although there is a presumption favoring public access to judicial records, that right is not absolute. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Accordingly, this Court enjoys "considerable discretion" to determine that certain court documents may be withheld from the public. *Geller v. Branic Hill Really Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). The well-recognized exceptions to the accessibility of judicial records includes materials subject to attorney-client privilege and work product protections. The purpose of the privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The Second Circuit has instructed courts "to balance this protection of confidentiality with the competing value of public disclosure," but "apply [the privilege] 'only where necessary to achieve its purpose'" and "construe the privilege narrowly because it renders relevant information undiscoverable." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). The Second Circuit has "implied…that protection of the attorney-client privilege is a 'higher value' under the First Amendment that may rebut the presumption of access." *Bernstein*, 814 F.3d at 145.

The exhibits in question are documents that contain sensitive information and information that requires caution as each references details with respect to that matter of *Sanchez v. Riverside Center Site 5 Owner LLC*. For example, Exhibit D to the Reply Declaration of Jonathan Harwood is deposition testimony of defendant's witness that involves activities related to the underlying action. In addition, portions of Colony's response to defendant's statement of material facts respond to issues that have already been approved for sealing.

For the foregoing reasons, it is respectfully requested that this Honorable Court order that the foregoing documents be sealed, for the reasons set forth above.

We thank the Court for its attention to this matter.

www.traublieberman.com

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
CALIFORNIA

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
Page 3

                                    Respectfully submitted,

                                  *Jonathan Harwood*

                                  Jonathan R. Harwood

cc: Defendant's counsel (via ECF)

www.traublieberman.com

NEW YORK
NEW JERSEY
ILLINOIS
FLORIDA
CONNECTICUT
CALIFORNIA