UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
                                                                 :
COLONY INSURANCE COMPANY,                                        :
                                                                 :   **ORDER DENYING PLAINTIFF'S**
                      Plaintiff,      :   **MOTION FOR SUMMARY**
                                                                 :   **JUDGMENT**
    -against-                                                 :
                                                                 :   22 Civ. 6041 (AKH)
RIVERSIDE CENTER SITE 5 OWNER LLC,                               :
                                                                 :
                      Defendant.      :
                                                                 :
---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        This case presents a coverage dispute arising from a defense and indemnity policy issued by plaintiff, Colony Insurance Co. ("Colony") to defendant Riverside Center Site 5 Owner LLC. ("Riverside") pertaining to construction work at 1 West End Avenue in Manhattan. A worker on site was injured, and sued Riverside in New York Supreme Court, New York County (Jose Sanchez v. Riverside, Index No. 20405/2019E ("the Action")). Riverside demanded that Colony defend and indemnify it. Colony provided a defense under a reservation of rights letter issued May 30, 2019, amended February 19, 2020, but the scope and extent of that defense is not clear from the record. Subsequently, Colony filed this suit to declare that it does not owe a defense, and is not obligated to defend, the Action because of an exclusion provided by the policy that excludes coverage if the injured employee is employed by a subcontractor other than a prescribed subcontractor. After some, but not complete, discovery, Colony filed this motion for summary judgment. Its motion is denied. Among additional reasons:

        There is an issue of standing. The record shows that a Loss Portfolio transfer occurred during the pendency of the Action, but it is not clear if Colony, or a reinsurer of Colony, assigned the Riverside policy. Colony, by affidavit of an officer having direct

1

knowledge, shall clarify the matter, and show that it remains the real party in interest, by April 11, 2020, failing which the case will be dismissed.

There is an issue as to who employed Jose Sanchez on the date of his accident, J. Carroll & Associates, an excluded subcontractor, or someone else who is not excluded. Further discovery is required.

There is an issue whether Colony issued its disclaimer of coverage "as soon as is reasonably possible," as N.Y. Insurance Law § 3420(d) requires, or waived disclaimer. Colony presents an array of correspondence to explain the delay and to show its diligence, but the facts are confusing and I am not able to determine the issue on the present summary judgment record.

Since proceedings will continue, Colony should amend its complaint, to delete its first two claims for relief and much of its factual allegations, as academic in light of the parties' stipulation as to the work-site that was insured. That shall be done by April 11, 2024.

The parties shall appear for a virtual status conference on April 12, 2024 at 10 a.m. to regulate further proceedings and to present a joint filing describing in detail unfinished discovery previously demanded, and a deposition schedule to complete fact discovery. A separate order containing dial-in information will be issued. The Clerk is instructed to terminate the open motion at ECF No. 27.

SO ORDERED.

Dated: April 1, 2024
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2