UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- x

COLONY INSURANCE COMPANY,

                                         Plaintiff,

    -against-

RIVERSIDE CENTER SITE 5 OWNER LLC,

                                         Defendant.

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- x

**<u>ORDER AND OPINION DENYING MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

22 Civ. 6041 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        The parties' motion, and cross-motion, for summary judgment require me to interpret the policy of insurance between Colony Insurance Co., the insurer, and Riverside Center Site 5 Owner LLC, the insured. A workman at the construction site, Jose Sanchez, suffered injuries and sued Riverside in New York Supreme Court for its alleged negligence. Upon demand, Colony provided a defense, subject to a reservation-of-rights letter. Subsequently, following information supplied by Riverside to the effect that Sanchez was employed by a subcontractor, J. Carroll & Associates, Colony, on February 19, 2020, disclaimed coverage under a policy exclusion, quoted below. This lawsuit for declaratory judgments followed; Colony asking for a judgment of non-coverage; Riverside counterclaiming for coverage.

        The exclusionary clause provides that insurance coverage does not apply to injuries arising out of:

> All work, activities or operations performed by independent contractors or subcontractors which are directly paid, hired or contracted by the named insured except for the following direct contracted company: Tishman, Press Builders, Inc., Real Cleaning Ltd., City Skyline, Inc. and Lambert Services LLC.

1

Insurance Policy, Attach. 1 to the Vogel Decl., ECF No. 30.

The insurer has the burden to prove that the policy exclusion applies. *See NY-32 Realty Grp., Inc. v. Westcor Land Tit. Ins. Co.*, 691 F.Supp.3d 587, 593 (N.D.N.Y. 2023) (citing *Sammy v. First Am. Tit. Ins. Co.*, 168 N.Y.S.3d 519, 524 (2d Dept. 2022)). Thus, Colony must prove (a) that Sanchez worked, or performed activities or operations for "an independent contractor or subcontractor" of Riverside, (b) that the independent contractor or subcontractor was "paid, hired or contracted" by Riverside, and (c) that the independent contractor or subcontractor was not one of the four approved contractors or subcontractors.

The parties dispute for whom Sanchez worked or performed activities or operations. Colony, based on information provided by Riverside, alleges that Sanchez worked, or performed activities or operations, for J. Carroll Assoc., that Carroll was engaged by Riverside to perform "punch list work/services", and that it was not one of the four permitted independent contractors or subcontractors. However, the Workers' Compensation Board found, in its decision of September 3, 2019, that Sanchez was injured when he fell down stairs at the work site, and that he worked for ACJ Building Solutions, Inc. Riverside argues that since Colony has not presented proof that ACJ Building Solutions was "directly paid, hired or contracted by" Riverside, the policy exclusion does not apply. Furthermore, Colony argues, since Riverside disclaimed coverage for a different reason, that Sanchez worked for AJ Carroll, Riverside's disclaimer is ineffective.

Neither side deserves summary judgment. Sanchez' allegation in the New York Supreme Court is that he was "lawfully" on site and, therefore, ACJ Building Solutions was lawfully on site. But who hired it, and who paid it for Sanchez' work? The record suggests that J. Carroll supplied workers to other contractors at the work site and, if so, it could have been a

joint employer with ACJ. And the record suggests that Colony's disclaimer letter, asserting that J. Carroll was the employer, not ACJ, was based on information provided by Riverside. Riverside cannot benefit from the inadequacy of a disclaimer letter that it, itself caused.

The parties have failed to discharge their discovery obligations. Discovery, including depositions, must be taken to show the contractors and their relationships at the work site. Each should present a discovery plan for the conference to be held September 25, 2024, to be concluded by October 25, 2024, with a motions schedule to be fixed in a subsequent conference, to be held November 1, 2024, 10:00 a.m. Finally, counsel for Colony are cautioned to follow the Federal and Local Rules for summary judgments, without incorporations by reference of previous papers.

The Clerk shall terminate ECF 73 and 79.

SO ORDERED.

Dated:   September 23, 2024
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge